JONES, Justice.
This is an appeal by National Filtronics, Inc. (Tenant), from an adverse judgment cancelling a 50-year lease on a 14-acre manufacturing site in Florence, Alabama. Following a fire loss, Sherwood Land, LTD. (Landlord), instituted this suit as a declaratory judgment action, seeking cancellation of the lease on the ground that Tenant violated the “increased hazard of risk” clause of the lease by subleasing the property to a furniture manufacturing company (Ajax), which experienced five separate fire losses to the property within two years.
Because we reverse the judgment and remand this cause for a new trial on the narrow issue of the trial court’s denial of Tenant’s right of counsel, we deem inappropriate any detailed discussion of the evidence. We will state only those facts essential to the issue requiring our reversal of the judgment.
*12 The Issue: Did the trial court abuse its discretion in denying Tenant’s counsel the opportunity of participating in the trial after his being called as an adverse witness by Landlord?
The Facts: The record is not entirely clear as to the context in which the trial court ruled adversely to Mr. Ritchey’s right to participate as counsel. The first indication of record bearing on this issue is found in a November 23, 1981, pre-trial “Memorandum to File,” in which the trial court recites:
“Mr. Ritchey is to determine, prior to trial, whether or not he can participate in the trial of this case under the Canons of Professional Responsibility for Attorneys in Alabama.”
The record is entirely silent from this point until after Mr. Ritchey was called as an adverse witness by Landlord and after the direct testimony of the Landlord’s witness Noel Smith. Then, the record discloses the following:
“THE COURT: Cross examine, Mr. Walker.
“MR. WALKER: May I approach the bench?
“THE COURT: Sure.
“(At this time Mr. Walker, Mr. Peck, and Mr. Johnson approached the bench in hearing of the court reporter)
“MR. WALKER: The plaintiff National Filtronics moves that Mr. Ferris Rit-chey be permitted by the Court to participate in the remainder of this trial, actively as an attorney, and to be allowed to cross examine Mr. Noel Smith on the ground that while Mr. Ritchey has admittedly personal knowledge of some of the facts relevant to the base, that he was called by the defendant as a witness and has not been called by his client or by National Filtronics as a witness and further, that Mr. Ritchey has knowledge of facts which would, in behalf of National Filtronics, better equip him to cross examine Noel Smith than me. Further ground, that in the plaintiff Mr. Smith or Sherwood Land, Limited calling Ferris Ritchey, they’ve waived any objection they may have to Mr. Ritchey participating in the case actively as an attorney.
“MR. PECK: We would object to the motion in that as early as last September at a hearing, we advised Mr. Rit-chey that he would be a material witness in this case. Mr. Ritchey’s interest in this case is not only as an attorney, but he is the sole representative and manager of what’s left of National Fil-tronics, Incorporated. He is personally involved with a partnership which has his own personal funds invested in this matter and several weeks ago, I advised Mr. Ritchey by letter that he would be a material witness in this case, and to allow, according to Mr. Ritchey’s argument to the Court off the record, him to testify because he has more personal knowledge of this matter than his lawyer would only give him an unfair advantage, which is the heart and one of the very root reasons for this rule, and as the Court knows, Mr. Ritchey testified practically all day yesterday on examination by the plaintiff and is one of the absolutely material witnesses in this case. To allow him to testify and then come around and cross examine the other major material witness would just give an absolutely unfair advantage to the defendant in this case. I also object on the ground that they’re asking the Court to sanction an ethical barrier that is outside the scope of this Court to condone or to approve such conduct. If he chooses to do so, it must be done at his own risk in face of the ethical violation that may or may not be present.
“THE COURT: Mr. Johnson, do you care to be heard?
“MR. JOHNSON: No, sir.
“THE COURT: Motion denied.
“MR. RITCHEY: We except, Your Hon- or.
*13 “THE COURT: Cross examination, Mr. Walker.”[1]
While neither the September hearing, the letter of advice to Mr. Ritchey, nor “Mr. Ritchey’s argument to the Court off the record,” referred to in Mr. Peck’s objection, is reflected by the record before us, this confusion is clarified in briefs filed by the respective parties. The argument of each of the parties is premised upon the supposition that Tenant’s motion to allow Mr. Rit-chey to continue as its counsel was made in the context of an existing restraint of court respecting his right to participate as counsel.
That is to say, the parties appear to agree that it was Landlord’s objection that raised the issue initially. Likewise, this interpretation of the posture in which this issue is raised is consistent with the above-quoted colloquy between the court and counsel. Additionally, it is highly unlikely that this motion on behalf of Mr. Ritchey’s participation was made in the context of a self-imposed restraint; thus, we will treat the issue as mutually postured by the parties. We note that Landlord’s alternative ground —“outside the scope of the court to condone” — is abandoned on appeal. Indeed, Landlord now argues that the trial court had the affirmative duty to impose the restraint.
We turn now to Landlord’s objection to Mr. Ritchey’s right to participate as counsel for Tenant. The obvious thrust of the objection is that Mr. Ritchey’s superior, firsthand knowledge of the long relationship between the respective parties, including their predecessors in interest, would give him an unfair advantage over more recently retained counsel for Landlord.
We confess to some difficulty in understanding the relationship between Mr. Rit-chey’s having testified and the stated ground of objection. Would not the “unfairness” ground, if valid, obtain whether or not Mr. Ritchey were called as a witness? The answer to this question reveals the weakness of Landlord’s contention. The fact that he gave sworn evidence of what he knew in nowise altered what he knew. If Mr. Ritchey’s long familiarity with the case and its background gave him an advantage, this fact remained unaltered by the further fact that he was called as a witness. Indeed, thoroughness of preparation on behalf of one’s client is the hallmark of professional competence, which is fostered rather than condemned by the code governing the lawyer’s conduct.
Our inquiry, however, must not end here. We must test the propriety of the trial court’s ruling against the more basic premise of its denial of Mr. Ritchey’s right of participation as counsel: That Mr. Rit-chey’s continued representation would have been violative of Alabama Code of Professional Responsibility (1979), dealing with withdrawal as counsel when the lawyer becomes a witness. DR 5-102(B), cited by Landlord, states:
“If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.”
For a proper understanding of the operation of the above rule in the context of the instant case, DR 5-101 and DR 5-102(A) must also be examined:
“DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
“(A) Except with the consent of his client after full discussion, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his clint will be or reasonably be affected by his own financial, business, property, or personal interests.
*14 “(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
“(1) If the testimony will relate solely to an uncontested matter.
“(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
“(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
“(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
“DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.
“(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(l) through (4).”
It is clear from the relevant rules and interpretative cases that an attorney should be disqualified from continued employment where he elects to become a witness for his client concerning a disputed question of fact relating to the merits of the cause, if such withdrawal would not “work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.” DR 5-101(B)(4). See Alexander v. Watson, 128 F.2d 627 (4th Cir.1942); Miller Electric Const., Inc. v. Devine Lighting Co., 421 F.Supp. 1020 (W.D.Pa.1976).
It is equally clear, however, that a lawyer may continue his representation of his client when he anticipates being called as a witness other than for his client, so long as it is not apparent that his testimony is or may be prejudicial to his client. When the two subsections of DR 5-101 are contrasted, it is readily apparent that prejudice to the client is the sole consideration in determining whether withdrawal from current employment is appropriate when the lawyer knows that he “may be called as a witness other than on behalf of his client” (emphasis added), as opposed to when it is apparent that the lawyer “ought to be called as a witness on behalf of his client” (emphasis added). In the latter situation, where the lawyer is making the decision, the lawyer is allowed to continue representation only if he falls within one of “the circumstances enumerated in DR 5-101(B)(l) through (4).”
In the case at bar, Mr. Ritchey fell into the category of DR 5-102(B), because he was called by the opposing attorney as an adverse witness. Therefore, a consideration of the circumstances in DR 5-101(B) is irrelevant. A brief consideration of Mr. Ritchey’s testimony, however, is relevant in order to ascertain whether such testimony was prejudicial to his client.
Basically, Mr. Ritchey’s testimony related to:
1. Background concerning his relationship with National Filtronics, including certain personal loans to the corporation in order to sustain its business activities;
2. The history and background surrounding National Filtronics’s internal structure, and the leasing agreements entered into by the company;
3. Details about the series of fires, adjustments for damages and handling of insurance proceeds; and
4. Discussions between the Landlord and Tenant concerning the impact of the fires and certain provisions of the lease.
*15 We have found nothing in the testimony that was, or could have been, prejudicial to Tenant. This is not to say that the totality of the circumstances testified to by Mr. Ritchey, when taken together with all the other evidence, did not furnish the basis for certain inferences supportive of ultimate conclusions of fact unfavorable to Mr. Rit-chey’s client. But this is far different from the giving of testimony prejudicial to his client as contemplated by DR 5-101. Indeed, Mr. Ritchey with justification could, and undoubtedly would, have contended for the contrary inferences of fact from the same testimony. Additionally, Mr. Rit-chey’s personal interests, if any, were completely compatible with that of his client.
A trial judge’s discretionary power to disqualify an attorney under DR 5-102(B) is not invoked until the threshold test of possible prejudice is met; therefore, disqualification by the trial judge under these circumstances was unwarranted.
Landlord’s harmless error argument is also without merit. The undisputed fact that Tenant was represented by other competent counsel begs the question. The right of private counsel of one’s own choice is virtually absolute; and any denial of that right is subject to strict scrutiny, particularly where, as here, there is no. question concerning the challenged lawyer’s availability and willingness to serve, and where the facts fall short of invoking the ethical considerations posed by the Canons of Professional Responsibility.
Finding that a new trial as to all issues raised below is the only legal remedy for the error herein addressed, we have no alternative but to reverse and remand.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, EMBRY, BEAT-TY and ADAMS, JJ., concur.

. Mr. Ritchey, a Birmingham lawyer, associated Mr. Walker, a Florence lawyer, as local co-counsel.