PER CURIAM.
This petition for writ of mandamus seeks an order directed to Judge Lynwood Smith, Jr., of the Circuit Court of Madison County, to allow the unrestrained representation of the petitioner, J.C. Sanders, Jr., by his retained counsel, in the defense of a lawsuit filed against him. The petition is denied.
In September 1981, Sarah Evelyn Pratt filed suit against her brother, J.C. Sanders, Jr., alleging that he had obtained a deed from Allie F. Sanders, their mother, now deceased, by undue influence. Daniel Boswell, of the law office of Hopper and Boswell, entered his appearance for J.C. Sanders, Jr. In October 1981, Pratt filed notice that Edward L. Hopper, of the same firm as Daniel Boswell, was a material witness in the case and requested the trial court to order the firm to “cease and desist representation of the defendant.” The motion remained pending until June 16, 1983, on which date Judge Smith issued the following order:
“(1) The law firm of Hopper and Boswell should be disqualified from representation of defendant J.C. SANDERS, JR. in defense of the plaintiffs’ claim to set aside the deed of Allie F. Sanders if that firm elects to call Edward L. Hopper as a witness for that client — unless such withdrawal ‘would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.’ DR 5-102(A) & DR 5-101(B)(4); National Filtronics, Inc. v. Sherwood Land, Ltd., supra at 14.
“(2) On the other hand, the law firm of Hopper and Boswell may continue to represent defendant J.C. SANDERS, JR. in defense of such claims if it is the plaintiffs who call Edward L. Hopper as a witness (i.e., if he is called ‘as a witness other than on behalf of his client ’), ‘until [such time as] it is apparent that his testimony is or may be prejudicial to his client.’ DR 5-102(B) (emphasis supplied); National Filtronics, Inc. v. Sherwood Land, Ltd., supra.
“Therefore, as framed, the plaintiff’s motion to compel the withdrawal of Hopper and Boswell as attorneys for defendant J.C. SANDERS, JR. is due to be (and it is hereby ORDERED, ADJUDGED, and DECREED that said motion be) OVERRULED and DENIED.
“In so ruling, however, counsel for said defendant should be mindful of the following considerations. First, if plaintiffs do call Edward L. Hopper as a witness on behalf of plaintiffs (presumably under Rule 42(b), Ala.R.Civ.P.), then the law firm will be allowed to continue its representation of J.C. SANDERS, JR. only if it is apparent that Mr. Hopper’s testimony was not (or probably will not be) prejudicial to Mr. Sanders.
“Secondly, if the plaintiffs do not call Mr. Hopper as a witness, then the law firm of Hopper and Boswell may not both call Edward L. Hopper as a witness ‘on behalf of’ J.C. SANDERS, JR., and, continue to represent that client in the trial. The firm may do one or the other, but not both.” [Emphasis in original.]
This order is based upon DR 5-101(B) and DR 5-102(A) and (B) of the Alabama Code of Professional Responsibility (1979), which state:
“DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
“(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
*903 “(1) If the testimony will relate solely to an uncontested matter.
“(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
“(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
“(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
“DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.
“(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(l) through (4).
“(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.”
An affidavit, signed by Hopper and attached to the petition, is the only evidence before us indicating what the substance of Hopper’s testimony would be. After describing the arrangements made for the actual signing of the deed by Allie F. Sanders, Hopper states:
“At the time Mrs. Sanders signed that deed she was as bright as a penny. Her mind was clear and she had no hesitation in giving me orders and instructions as to what she wanted done as her attorney. There was no question in my mind that she was acting totally on her own without any influence from her son, J.C. SANDERS, JR. whatsoever.... J.C. SANDERS, JR. to my knowledge, in no way influenced his mother in signing that deed to him.”
It is undisputed that if Pratt calls Hopper as a witness, Hopper’s testimony will not be prejudicial to Sanders, and it will not be necessary for the firm to withdraw its appearance on behalf of Sanders. Alabama Code of Professional Responsibility DR 5-102(B) (1979); National Filtronics, Inc. v. Sherwood Land, Ltd., 428 So.2d 11 (Ala.1983).
On the other hand, according to Sanders, Hopper is a “key witness, whose testimony is necessary” in the defense of the claim against Sanders. Furthermore, Hopper’s testimony would be on the central, contested issue of the case, i.e., whether Sanders unduly influenced his mother to deed the property in question to him. Disciplinary Rule 5-102(A) requires the entire firm of Hopper and Boswell to discontinue their representation of Sanders if Hopper “ought to be called as a witness” for Sanders. However, we are mindful that there is no record before us, and we are reluctant to state that Hopper must be, or even ought to be, called as a witness. It may be that there are other witnesses, unconnected with this firm, who could testify on this very issue, thus obviating the absolute necessity to call Hopper.
Sanders seeks an order from this Court permitting him to retain the firm of Hopper and Boswell regardless of whether Edward Hopper is called as a witness in his behalf. He argues that disqualification of his retained counsel would subject him to “substantial hardship,” and bring him within one of the exceptional circumstances listed under DR 5-101(B), in which he may continue to be represented by Hopper and Boswell, even though Edward Hopper testifies as a witness for the defense. Sanders points out that this is “an extremely complicated litigation for which over 400 hours of *904 legal time has been expended” at a cost of $4,000.00 to Sanders. He claims that the retention of new counsel at this point would result in additional hours of preparation, costs to him, and delay in the proceedings. This would be true of probably the majority of cases in which new counsel must be retained in the midst of the proceedings. These facts do not distinguish this case from any other similarly postured case.
Sanders claims that this firm is of “distinctive value” to him in that it has represented and advised him in numerous matters for about twenty years. This professional and social rapport is desirable, and its absence may cause some inconvenience and anxiety, but it certainly does not rise to the level of “substantial hardship.” Stagen Realty and Management, Inc. v. Superior Court of Los Angeles County, 88 Cal.App.3d 269, 151 Cal.Rptr. 742 (1979).
We hold that Judge Smith’s order, which accurately applies DR 5-101 and DR 5-102 to this case, is without error. Having no power to forbid or bind either party to call Hopper as a witness, Judge Smith could do no more than order the parties to act in accordance with the disciplinary rules. This he did.
This Court will not issue a writ of mandamus in the absence of a “clear showing of error in the trial court to the injury of the petitioner.” Ex parte Harrington Manufacturing Company, 414 So.2d 74 (Ala.1982). Not only has Sanders failed to prove that Judge Smith erred in delivering his order, but he also failed to show a violation of his legal rights. Accordingly, the writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ„ concur.