STEAGALL, Justice.
J.D. Brown, the defendant in a pending criminal proceeding, seeks an order requiring Judge N. Pride Tompkins of the Circuit Court of Colbert County to rescind his orders of May 17, 1989, and June 9, 1989, removing Stanley E. Munsey as Brown’s counsel. The petition is denied.
On February 3, 1988, Brown was arrested and charged with receiving stolen property in the second-degree. Thereafter, he employed Stanley E. Munsey to defend him in the action.
On February 27, 1989, the district attorney’s office, through Ron Hudson, assistant district attorney, filed a motion for a continuance, alleging as grounds a potential witness/advocate conflict under Canon 5, specifically Disciplinary Rules 5-101 and 5-102 of the Alabama Code of Professional Responsibility. The State alleged that Brown’s counsel had independent and personal knowledge concerning the identity of a boat trailer that Brown had been charged with receiving; that Brown was expected to testify that some of the objects that he had allegedly received as stolen property had in fact been obtained from Munsey; and that the State intended to call Munsey as a witness to rebut Brown’s testimony.
After requesting and receiving an opinion from the Alabama State Bar Association, in which the State Bar’s assistant general counsel concluded that Munsey should withdraw, the trial court entered an order on May 17, 1989, removing Munsey as Brown’s attorney. After a hearing on Brown’s motion to rescind the May 17 order, the trial court entered another order on June 9, 1989, which, in pertinent part, stated:
“WHEREAS, the Court reconsidered all the arguments of the attorneys previously given and the ethics opinion of the Disciplinary Commission, the Court finds that there is a possibility and/or probability that the attorney Stanley Munsey will be called as a witness for and on behalf of the State.
“The Court ... finds, and it is the opinion of the Court, that the defense counsel Stanley Munsey should voluntar *1010 ily withdraw from the conduct of this trial.
“The Court further finds that for Stanley Munsey to continue to act as the attorney in this case would be a violation of the Disciplinary Rules as set out in the opinion provided to this Court.
“Therefore, it is ORDERED, ADJUDGED and DECREED by the Court that the Court’s order of May 17, 1989, is in effect and that the attorney Stanley E. Munsey is withdrawn as the attorney for J.D. Brown in this cause, and it is further, ORDERED, ADJUDGED and DECREED by the Court that J.D. Brown is to employ another attorney to represent him in this cause.”
On petition for writ of mandamus, Brown seeks to have the orders of May 17 and June 9 set aside. We have stated:
“This Court will not issue a writ of mandamus in the absence of a ‘clear showing of error in the trial court to the injury of the petitioner.’ ”
Ex parte Harrington Manufacturing Co., 414 So.2d 74 (Ala.1982). See, also, Ex parte Sanders, 441 So.2d 901, 904 (Ala.1983).
Disciplinary Rule 5-101(B) states:
“(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
“(1) If the testimony will relate solely to an uncontested matter;
“(2) If the testimony will relate to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
“(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client;
“(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.”
Disciplinary Rule 5-102(A) and (B) state:
“(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5 — 101(B)(1) through (4).
“(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to this client.”
In National Filtronics, Inc. v. Sherwood Land, Ltd., 428 So.2d 11 (Ala.1983), relied upon by Brown, the trial court’s order denying counsel an opportunity to participate in the trial after he was called as an adverse witness was reversed because the threshold requirement of “prejudicial impact” was not met. In that case, this Court stated:
“It is clear from the relevant rules and interpretative cases that an attorney should be disqualified from continued employment where he elects to become a witness for his client concerning a disputed question of fact relating to the merits of the cause, if such withdrawal would not ‘work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case. ... ’
“It is equally clear, however, that a lawyer may continue his representation of his client when he anticipates being called as a witness other than for his client, so long as it is not apparent that his testimony is or may be prejudicial to his client. When the two subsections of DR [5-102] are contrasted, it is readily *1011 apparent that prejudice to the client is the sole consideration in determining whether withdrawal from current employment is appropriate when the lawyer knows that he ‘may be called as a witness other than on behalf oí his client’ ..., as opposed to when it is apparent that the lawyer ‘ought to be called as a witness on behalf of his client’.... In the latter situation, where the lawyer is making the decision, the lawyer is allowed to continue representation only if he falls within one of ‘the circumstances enumerated in DR 5-101(B)(l) through (4).’
[[Image here]]
“We have found nothing in the testimony that was, or could have been, prejudicial to [National Filtronics]. ...
“A trial judge’s discretionary power to disqualify an attorney under DR 5-102(B) is not invoked until the threshold test of possible prejudice is met; therefore, disqualification by the trial judge under these circumstances was unwarranted.”
428 So.2d at 14-15 (citation omitted) (italicized emphasis present or added in National Filtronics; emphasis added here by underlining).
Here, it is contended by the State that Munsey would be called to testify on a substantial issue at trial, i.e., whether some of the articles alleged to have been received as stolen property had in fact been stolen or had been given to Brown by Mun-sey. We find that the threshold test of actual or possible prejudicial impact on Brown, as expressed in National Filtronics, supra, has been met. We cannot find a clear showing of error in the trial court’s removing Munsey as attorney for Brown.
The petition for the writ of mandamus is due to be, and it is hereby, denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.